UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DALER ALAMSHOEV,**

      **Petitioner,**

v.                                                                              **Case No. 2:26cv230**

**JEFFREY CRAWFORD,**
**ICA-FARMVILLE DETENTION**
**CENTER,** *et al.*,

      **Respondents.**

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **GRANTED IN PART** and **DENIED IN PART.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Daler Alamshoev filed the instant Petition seeking release from ICE custody or a bond hearing before an Immigration Judge. ECF No. 1 at 8. Petitioner was taken into immigration custody on December 22, 2025, and is currently housed at Farmville Detention Center, located in the Eastern District of Virginia. *Id.* at 1, 5. He is a native and citizen of Tajikistan. ECF No. 7, attach. 1 at 2.

The Court received and filed the Petition on March 11, 2026. ECF No. 1. On March 17, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. ECF

No. 5. Specifically, the Court ordered that Respondents must file either: (1) a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Ceba Cinta v. Noem, et al.*, Case No. 1:25cv1818 (E.D. Va.); or (2) an Opposition to the Petition discussing any material differences between *Ceba Cinta* and this Petition. *Id.* at 1–2. Respondents filed an Opposition to the Petition on March 23, 2026. ECF No. 7. Therein, Respondents argue that the Petition before the Court is different from the facts in *Ceba Cinta* because Petitioner here did not enter the United States decades ago and instead presented himself at a port-of-entry in May 2023, "applied for admission," and was paroled into the United States at that time. *Id.* at 2. Respondents argue that because Petitioner "has not been admitted, nor has 'effected an entry,' into the United States," he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* Because Respondents allege that this Petition is different from *Ceba Cinta*, the Court awaited a response from Petitioner, which was due March 30, 2026. *See* ECF No. 5. Petitioner did not file a response with the Court, but regardless, the Court does not find one necessary to adjudicate the Petition.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2241, federal courts are authorized to issue a writ of habeas corpus to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-cv-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted). After considering the

response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 1. Legal Framework

The INA establishes the statutory framework that governs aliens who are detained upon arrival into the United States and those already present in the country.[1] *Abreu v. Crawford*, No. 1:24-cv-01782, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025), *appeal dismissed*, No. 25-6174, 2025 WL 2604455 (4th Cir. Apr. 22, 2025). That framework distinguishes between 8 U.S.C. § 1225, applicable to "noncitizens who are detained *upon arrival* into the United States," and 8 U.S.C. § 1226, applicable to individuals who "have *already entered* the country, legally or otherwise." *Id.*

Pursuant to § 1225(a), an alien detained *upon arrival* into the United States is defined as an "applicant for admission." 8 U.S.C. § 1225(a). The INA distinguishes between two categories of applicants for admission. *Id.* First, § 1225(b)(1) applies to "aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation" and "certain other aliens designated by the Attorney General at his discretion." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (citing § 1225(b)(1)(A)(i) and § 1225(b)(1)(A)(iii)). Aliens who fall into § 1225(b)(1) are generally removed pursuant to an expedited removal process, unless they indicate either an intent to apply for asylum or a fear of persecution. § 1225(b)(1)(A)–(B). They are subject to mandatory detention while the await expedited removal, or while their asylum application is pending. § 1225(b)(1)(B)(ii), (iii)(IV). Second, § 1225(b)(2) is a "catchall provision," applying to "all applicants for admission not covered by § 1225(b)(1)" who are "seeking admission." *Jennings*, 583 U.S. at 287 (citing § 1225(b)(2)(A), (B)). Aliens who fall into § 1225(b)(2)(A) are

---

[1] Consistent with the INA's text, the Court uses the term "alien" here. *See* § 1101(a)(3) (defining an "alien" as "any person not a citizen or national of the United States").

subject to mandatory detention "if the examining officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A) (emphasis added).

Pursuant to § 1226(a), an alien who has *already entered* the country may be detained or released on bond pending a removal decision. § 1226(a). Detention under § 1226(a) is discretionary; the Attorney General may continue to detain the alien or "may release the alien" on bond or conditional parole.[2] § 1226(a)(1)–(2). Aliens detained under § 1226(a) "are entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025) (quoting *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).

Respondents' central argument in this Petition—that an individual who has already entered the country is subject to mandatory detention under § 1225(b)(2), rather than discretionary detention under § 1226(a)—has been considered at length and rejected by numerous courts within this jurisdiction and around the country. *See, e.g., Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) (citing cases); *Ceba Cinta v. Noem*, No. 1:25-cv-1818, 2025 WL 4053171, at *2 (E.D. Va. Oct. 29, 2025); *Duarte Escobar v. Perry*, No. 3:25cv758, 2025 WL 3006742, at *13 (E.D. Va. Oct. 27, 2025).[3] *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Herrera Avila v. Bondi*, _F.4th_, 2026 WL 819258, at *5 (8th Cir.

---

[2] Irrelevant to the instant Petition, certain aliens are not entitled to release under § 1226(a), including those who "fall into one of several enumerated categories involving criminal offenses and terrorist activities." *See Jennings*, 583 U.S. at 289 (citing § 1226(c)(1)).

[3] *See also Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (supplying an appendix of "at least 350 [] cases decided by over 160 different judges sitting in about fifty different courts spread across the United States" where challengers to "the administration's new position that all noncitizens who came into the United States illegally, but since have been living in the United States, must be detained until their removal proceedings are completed" have prevailed).

4

Mar. 25, 2026).[4] Respondents' position that individuals who are already present in the country are subject to detention under § 1225 "reflects DHS's novel interpretation of decades-old immigration detention statutes which . . . is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction." *Ceba Cinta*, 2025 WL 4053171, at *2 (citing cases).

*2. Analysis*

In light of the above legal framework, the Court makes the following findings:

First, the Court finds that Petitioner is detained pursuant to § 1226(a). As courts in this district and around the country have overwhelmingly held, under the INA, the mandatory detention provision in § 1225(b)(2)(A) extends to "applicants for admission" who are "seeking admission." *See, e.g., Duarte Escobar v. Perry*, 807 F. Supp. 3d 564, 575 (E.D. Va. 2025); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *12 (S.D.W. Va. Feb. 4, 2026) (finding that "[i]t is not enough to be an 'applicant for admission,' under §1225(b)(2)(A), an alien also must be 'seeking admission.'"). This conclusion is supported by the plain text of the INA, Supreme Court precedent, district court decisions throughout the country, and decades of practice. *Duarte Escobar*, 807 F. Supp. 3d at 575–81.

Respondents argue that Petitioner is not an alien "already present" in the United States because he presented himself at a port-of-entry in May 2023, applied for admission, and was

---

[4] In *Buenrostro-Mendez* and *Herrera Avila*, the Fifth and Eighth Circuits agreed with Respondents' position that an individual who has already entered the country may be considered an "applicant for admission" and subject to the mandatory detention provision in § 1225(b)(2). Neither decision is binding on this Court. *See CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Nor does this Court find the reasoning in either case persuasive. *See Camacho v. Perry*, No. 3:26-cv-76, 2026 WL 414937, at *3 n.7 (E.D. Va. Feb. 15, 2026) ("[T]he Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas' dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent.").

paroled into the United States.[5]  ECF No. 7 at 2.  But the operative question is whether Petitioner was already present in the United States at the time he was detained.  *See Carlos David Guinac Vasquez, v. Jeffrey Crawford, et al.*, No. 3:26-cv-51, 2026 WL 802852, at *4 (E.D. Va. Mar. 23, 2026) (finding that even though the record did not establish when petitioner entered country, he was detained pursuant to § 1226 because he was detained within the United States.").  Moreover, even if Petitioner could be considered an applicant for admission, he was not "seeking admission" at the time he was detained.  *See Briceno Solano*, 2026 WL 311624, at *12 (explaining that "when read together, the use of the verb 'seeking' in § 1225(b)(2)(A) 'denotes an active and present effort,' such that 'an alien seeking admission is a noncitizen who, at the time of his arrest, is actively and *presently* pursuing inspection and authorization by an immigration officer to lawfully enter the United States.'") (emphasis added) (internal quotations and citation removed).

For these reasons, the Court finds that Petitioner is detained pursuant to § 1226(a).  Because Petitioner is detained pursuant to § 1226(a), Petitioner's continued detention without a bond hearing before an Immigration Judge is unlawful, and habeas relief is warranted.  *See* 28 U.S.C. § 2241(c)(3).

Second, because Petitioner is detained pursuant to § 1226(a), he is governed by the discretionary detention provisions set forth in that statute.  Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether Petitioner is a danger to the community and whether he is a flight risk.

Third, the appropriate relief in this matter is ordering that Petitioner receive a bond hearing before an Immigration Judge.  Although Petitioner requests his immediate release, he has not yet

---

[5] Although Respondents argue that there are differences between the instant Petition and *Ceba Cinta*, the Court finds that those differences are not *material*.

6

had a bond hearing where his release was considered. *See Bautista Villanueva v. Bondi*, No. 25-cv-4152, 2026 WL 100595, at *2 (D. Md. Jan. 14, 2026) (finding that absent any indication that the immigration judge will fail to apply the correct legal standards for bond hearings pursuant to § 1226, the appropriate remedy is a bond hearing). Accordingly, the appropriate remedy for Respondents' statutory violation is to receive a bond hearing before an Immigration Judge.

### III. RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Petition, ECF No. 1, be **GRANTED IN PART**, to the extent Petitioner seeks a bond hearing, but **DENIED IN PART** to the extent he seeks his immediate release.

The Court further **RECOMMENDS** that:

- Petitioner be provided a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within **ONE DAY** of entry of a final order in this matter;

- Respondents be **ENJOINED** from denying bond to Petitioner on the grounds that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

- Respondents shall file a status report with the Court within **THREE DAYS** of Petitioner's bond hearing, which shall explain whether Petitioner has been granted bond, and if his request for bond was denied, the reasons for that denial;

- in the event Petitioner is released on bond by an Immigration Judge, Respondents be **ENJOINED** from invoking the automatic stay provision of 8 C.F.R. § 1003.19(i)(2)[6]; and

---

[6] *See Hasan*, 800 F. Supp. 3d at 657–61 (explaining the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) and finding that it "constitutes an unequivocal violation of due process").

- in the event Petitioner is released on bond by an Immigration Judge, Respondents be **ENJOINED** from rearresting Petitioner unless: (1) he has committed a new violation of any federal, state, or local law; (2) he has failed to attend any properly noticed immigration or court hearing; or (3) he is subject to an administratively final removal order pursuant to § 1231.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to

Petitioner and to counsel of record for Respondents.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 3, 2026

9